# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br>vs.<br>BRANDON HINESLY,<br><br>Defendant. | No. CR 13-4047-3-MWB<br><br>**MEMORANDUM OPINION AND ORDER REGARDING DEFENDANT'S MOTION IN LIMINE** |

_____

In this case, defendant Brandon Hinesly (with co-defendants) is charged with conspiring to obstruct justice in a federal criminal case by absconding, fleeing to avoid justice, and violating the conditions of federal supervised release or aiding and abetting another to do so, all in violation of 18 U.S.C. §§ 371 and 1503. This case is currently set for a jury trial to begin on a date certain of March 10, 2014.

Before a previously scheduled trial date, defendant Hinesly filed his October 11, 2013, Motion In Limine (docket no. 76), which is now pending before me. In his motion, he seeks exclusion of the testimony of Miranda Hazen, whom he contends is his common-law spouse, pursuant to spousal privileges. Somewhat more specifically, he seeks an order precluding the testimony of Miranda Hazen concerning any marital communications, including any testimony derived from marital communication between the spouses, and the use of, or any reference to, or any argument about, or any cross-examination concerning prior statements or testimony given by Ms. Hazen, and for the appointment of an attorney for Ms. Hazen to advise her of her rights with respect to the spousal testimonial privilege, as recognized in *Trammel v. United States*, 445 U.S. 40 (1980). In a Resistance (docket no. 85), filed October 25, 2013, the prosecution asserts

that Hinesly has not yet come close to carrying his burden to establish a common-law marriage between himself and Ms. Hazen; that Ms. Hazen voluntarily contacted law enforcement about Hinesly's possible criminal activity; and that Ms. Hazen has since voluntarily testified against Hinesly in grand jury proceedings. The prosecution also argues that, even had Hinesly proved the "marriage," it is only possible that the "marital communications privilege" would reach an alleged confession that Hinesly made to Ms. Hazen, and that Ms. Hazen cannot be prevented from testifying as to what she observed, what she heard Hinesly say to others, or what Hinesly said to her while others were around. The prosecution also asserts that Ms. Hazen can unilaterally waive the spousal testimony privilege.

Hinesly's bald assertion of a common-law marriage with Ms. Hazen falls well short of the requirements for proof of such a union. *See, e.g., In re Marriage of Martin*, 681 N.W.2d 612, 616-18 (Iowa 2004). That being the case, any analysis of the extent to which a spousal privilege might limit or preclude testimony by Ms. Hazen is premature, speculative, and advisory. Furthermore, Hinesly has not identified with any specificity any statement or testimony of Ms. Hazen that would violate either form of spousal privilege, that is, either "the marital confidential communications privilege" or the "adverse spousal testimony privilege." *See United States v. Espino*, 317 F.3d 788, 795-96 (8th Cir. 2003). Consequently, any ruling I might make on the scope of the marital privilege in this case would be speculative and advisory. The part of Hinesly's Motion seeking to preclude or limit Ms. Hazen's testimony pursuant to a spousal privilege is denied without prejudice as premature.

Hinesly also requests that I appoint counsel to advise Ms. Hazen on spousal privilege issues. Hinesly has cited no authority for me to do so nor any authority that a court has any obligation to advise a witness of her potential spousal privilege, and I have found none. This part of Hinesly's Motion is also denied.

THEREFORE, defendant Hinesly's October 11, 2013, Motion In Limine (docket no. 76) is **denied without prejudice** as to his request to exclude testimony from his purported common-law wife, Miranda Hazen, pursuant to a spousal privilege, and **denied** as to his request for appointment of counsel to advise Ms. Hazen on spousal privilege issues.

**IT IS SO ORDERED**.

**DATED** this 14th day of February, 2014.

_____
MARK W. BENNETT
U.S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA